# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF ALABAMA RECEIVED

| | |
|---|---|
| Monty W. Ervin, and ) | 2006 JUL 26 P 12: 10 |
| Patricia D. Ervin ) | |
| Petitioner ) | DEBRA P. HACKETT, CLK |
| ) CASE # | U.S. DISTRICT COURT |
| ) | MIDDLE DISTRICT ALA |
| Vs. ) | 1:06mc3331-MEF |
| ) | |
| ) | |
| UNITED STATES OF AMERICA, and ) | |
| Commissioner of Internal Revenue Service, ) | |
| Respondent ) | |

## POINTS and AUTHORITIES IN SUPPORT OF

## PETITION TO QUASH 2039 SUMMON[S]

1. Petitioner[s] argue that they (petitioner[s]) have complied with the request of agent Tyson wherein petitioner[s] did properly respond to agent Tyson's request for April meeting and was represented by a bar licensed attorney at that meeting. However, for reasons unknown agent Tyson exercised a de-facto authority and arbitrarily refused the Petitioner[s] representation. Petitioner argues that the actions of an Administrative agency is governed by title 5 U.S.C. 555 (b) which states "...*this section does not grant or deny a person who is not a lawyer the right to appear for or represent others before an agency or in a proceeding.*" Petitioner argues that agent Tyson had not the authority to refuse petitioner[s] counsel, and that agent Tyson arbitrarily issued the eleven third party Summons[s] in bad faith.

2. Petitioner acknowledges that section 26 USC § 7602 and its Implementing Regulation 27 CFR part 70, 170, 296 provides the authority of the IRS agents to Examine Books Records and Witnesses but questions the authority of Revenue Agent Tyson because, the organizational chart of the Department of the Treasury found UStreasury.gov web cite, shows **no** enforcement authority under the IRS generally, but does show enforcement authority extending from the Assistant Secretary Enforcement to the Bureau of Alcohol, Tobacco and Firearms, The U.S Customs, U.S Secret Service and the Federal Law Enforcement Training Center. Apparently even CID (Criminal Investigation Division) is a part of the Bureau of Alcohol Tobacco and Firearms. Agent Tyson has represented herself as being assigned to Small Business/ Self-Employed, Examination of the Internal Revenue Service Division.

3. Petitioner[s] asserts that The District Court must take Judicial Notice, of Administrative procedures where a 2039 administrative summons is at issue. In the United States Supreme Court case, *California Bankers Association v. Schulty, 94 S. Ct. 1494 (1974) said, "the statute is not self-executing, were the Secretary to take no action whatever under his authority there would be no possibility of civil or criminal sanctions being imposed on anyone, we think it important to note that the acts and civil penalties attach only upon the violation of regulations promulgated by the Secretary; if the Secretary were to do nothing the Act itself would impose no penalties on anyone."*

4. Pursuant to the foregoing United States Supreme Court Case Law, the District Courts are bound by the Regulations and IRS Manuals. See RRA 98 IRS (Reform and Restructuring Act) @ section 1203 (6) a Federal law that demands agents of the Federal Government including the Internal Revenue Service follow the Regulations and their

manuals. Wherein the implementing regulations for 26 U.S.C. § 7602 is found in Title 27 CFR Part 70, 170. 296, absent a cited violation of Title 26 where the implementing regulation is found under Title 27 of the Code of Federal Regulations the IRS agent cannot cognize jurisdiction outside an express authorization which has not been presented and therefore does not have standing to issue a 2039A, Summons to a third party for records pertaining to Petitioner[s], without violating the Privacy Act, and 26 U.S.C. 6103.

5. Petitioner asserts that agent Tyson has in bad faith deprived petitioner[s] of their right to due process of law by an oppressive act, totally unwarranted, wherein petitioner[s] complied with the agents request pursuant to established law.

Where the government infringes on a liberty or property interest, courts generally conduct a balancing test to determine what process is due to protect individuals from arbitrary deprivations. *Mathews v. Eldridge, 424 U.S. 319, 335 (1976)(requiring courts to weigh three factors when determining what procedural protections are constitutionally necessary: (1) the private interest that will be affected by the official action; (2) the risk of a erroneous deprivation of that interest through the procedures used; (3) the governments interest).*

Petitioner asserts that they have not been afforded the procedural due process guaranteed by the United States Constitution and therefore the District Court in the interest of justice should quash the eleven third party summons issued by agent Tyson and afford the petitioner[s] their constitutional right to enjoy procedural due process.

## CONCLUSION

Whereas the petitioner[s] complied with the request of agent Tyson and appeared by and through lawful counsel the issuance of the eleven Summon[s] was done in bad faith. The District Court should quash the eleven 2039 Summons and reprimand agent Tyson for such arbitrary act and instruct the agent to exhaust all lawful procedures before resorting to such extreme measures.

Submitted by

Monty W. & Patricia Ervin
P. O. Box 7044
Dothan, AL 36302