IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MONTY W. ERVIN and, | ) |
| PATRICIA D. ERVIN, | ) |
| | ) |
| Petitioners, | ) |
| | ) |
| v. | ) Civil Action No.: 01:06mc3331-MEF |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## MOTION TO DISMISS

Comes now the respondent, United States of America, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and pursuant to Rules 12(b)(2) and 12(b)(5) moves for the dismissal of the above-styled cause as the petitioners have failed to properly serve process upon the respondent, thus depriving this Court of personal jurisdiction over the respondent. In support of this motion the respondent states as follows:

1. The petitioner initiated these proceedings by filing a Motion to Quash on July 26, 2006. The respondent received a copy of the motion pursuant to an Order of the Court which also ordered the respondent to respond on or before September 15, 2006. (Doc. 5). At no time has the United States Attorney been served with process in accord with the requirements of Federal Rule of Civil Procedure 4(i), therefore this Court lacks personal jurisdiction over the respondent.

2.      The procedure for service of process upon the United States is set forth in Federal Rule of Civil Procedure 4(i), which states in pertinent part:

(1) Service upon the United States shall be effected

   (A)   by delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought or to an assistant United States attorney or clerical employee designated by the United States attorney in a writing filed with the clerk of the court or by sending a copy of the summons and of the complaint by registered or certified mail addressed to the civil process clerk at the office of the United States attorney ***and***

   (B)   by also sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States at Washington, District of Columbia.

3.      Similarly, 26 U.S.C. § 7609(b)(2)(B) requires that any person seeking to quash a third party summons must "mail by registered or certified mail a copy of the petition to the person summoned . . ." Thus each entity to which a third party summons was issued was entitled to be served with the petitioners' motion.

4.      The docket in this matter does not reflect that summons was issued by the clerk of the court for either the United States attorney or the Attorney General of the United States of America. Moreover, no summons has been served upon the offices of

the United States attorney, nor does the docket reflect same has been served upon the Attorney General of the United States of America. Therefore, service of process in this matter is deficient.

5. The petitioner's "'failure to properly serve the United States deprives the court of personal jurisdiction.'" Holmstrom v. United States, 2003 WL 21254624 (M.D.Fla.), *quoting,* Thompson v. Internal Revenue Service, 23 F.Supp.2d 923, 924 (N.D.Ind.1998) (*citing* Rabiolo v. Weinstein, 357 F.2d 167, 168 (7th Cir.1966). "'A jurisdictional defect of this sort is fatal to maintenance of an action.'" Holmstrom, 2003 WL 21254624 Id., *citing,* Thompson, 23 F.Supp.2d at 924. Therefore, due to the insufficiency of the service of process, this Court lacks personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2).[1]

WHEREFORE, premises considered, the petitioner's Motion to Quash is due to be and should be dismissed.

---

[1] In response to Defendants' facially valid challenge to personal jurisdiction, petitioner bears the burden of establishing the validity of service of process. McElvain v. United States, 2002 WL 31409568 (M.D.Ala.) (unpublished opinion), *quoting*, Aetna Business Credit, Inc. v. Universal Decor & Interior Design, Inc., 635 F.2d 434, 435 (5th Cir.1981): *also see*, Familia de Boom v. Arosa Mercantil, S. A., 629 F.2d 1134, 1139 (5th Cir. 1980), Reed v. Weeks Marine, Inc., 166 F.Supp.2d 1052, 1054 (E.D. Pa. 2001), *citing*, Grand Entertainment Group, Ltd. v. Star Media Sales, Inc., 988 F.2d 476, 488-489 (3d Cir.1993).

Respectfully submitted this 15th day of September, 2006.

        LEURA G. CANARY
        United States Attorney

        By: /s/R. Randolph Neeley
        R. RANDOLPH NEELEY
        Assistant United States Attorney
        Bar Number: 9083-E56R
        Post Office Box 197
        Montgomery, AL  36101-0197
        Telephone No.: (334) 223-7280
        Facsimile No.: (334) 223-7418
        E-mail: rand.neeley@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on September 15, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and I hereby certify that I have mailed, by United States Postal Service, a copy of same to the following non-CM/ECF participant(s):

Monty W. Ervin
P.O. Box 7044
Dothan, AL 36302

Patricia Ervin
P.O. Box 7044
Dothan, AL 36302

        s/R. Randolph Neeley
        Assistant United States Attorney